UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAFAEL ANTONIO HERNANDEZ RAMOS,

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,

Respondent.

No. 2:26-cv-01302-DAD-CSK

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS HAVING BEEN RENDERED MOOT

(Doc. Nos. 1, 2)

On April 3, 2026, petitioner Rafael Antonio Hernandez Ramos, A-number 221-493-806, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Petitioner alleges that he entered the United States on or about April 7, 2013, and has resided continuously in the United States since he entered this country. (Doc. No 1 at 4.) On March 21, 2026, petitioner was detained by immigration officials. (*Id.* at 4–5.) Petitioner has two children who are United States citizens and he does not have any criminal history. (*Id.* at 5.) Petitioner seeks release and an award of attorney's fees. (*Id.* at 9–10.) Also on April 3, 2026, petitioner filed a motion for temporary restraining order and the court set a briefing schedule on that motion, directing respondent to substantively address whether any provision of law or fact in

1

this case would distinguish it from this court's decisions in *Quichimbo-Jimenez v. Warden, California City Correctional Center*, 2:26-cv-00739-DAD-EFB, 2026 WL 679378 (E.D. Cal. Mar. 10, 2026), *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026), and other similar cases previously decided by this court.  (Doc. Nos. 2, 5.)

On April 4, 2026, respondent filed an opposition to petitioner's motion for a temporary restraining.  (Doc. No. 7.)  Therein, respondent concedes that there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the court's order. (*Id.* at 1.)  Respondent is further amenable to the court ruling on the underlying petition based on the current briefing and waives any hearing.  (*Id.*)

Accordingly, pursuant to the court's reasoning as stated in *Quichimbo-Jimenez* and *J.P.C.*, which are adopted herein, the court will grant the pending petition for writ of habeas corpus in part.

For the reasons explained above,

1.      Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED in part as follows:

      a.      Respondent is ORDERED to immediately release petitioner Rafael Antonio Hernandez Ramos, A-number 221-493-806, from respondent's custody;

      b.      Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner absent exigent circumstances without providing petitioner notice and a pre-detention hearing before an immigration judge, at which the applicable burden will be pursuant to 8 U.S.C. § 1226(a);

      c.      Petitioner's request for attorney's fees is DENIED without prejudice to bringing a properly noticed and supported motion;

2.      Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting petitioner the requested federal habeas relief on the merits;

/////

2

3.      The Clerk of the Court is directed to serve this order on the California City Detention Facility;

4.      The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:   **April 7, 2026**

_____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3